# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN JACKSON**<br>1208 Stevens Street<br>North Versailles, PA 15137<br><br>Plaintiff,<br><br>v.<br><br>**MARKLYN GROUP INC.**<br>190 Bovaird Dr W Unit 28<br>Brampton On, Canada L7A 1A2<br><br>Defendant.<br><br>Serve:  Capitol Corporate Services, Inc.<br>455 Capitol Mall Complex Ste 217<br>Sacramento, CA 95814 | Civil Action No.: _____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff **JOHN JACKSON** ("Plaintiff" or "**JACKSON**") hereby asserts the following claims for patent infringement against Defendant **MARKLYN GROUP INC. (**"Defendant" or "**MARKLYN**"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq.

2. Plaintiff is the original inventor and legal owner of U.S. Patent No. 10,176,719 ("the '719 patent"), which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on January 8, 2019.

3. Defendant is the Assignee and Owner of the Alpena brand and United States Registered Trademark No. 5357454.

4. Defendant offers for sale various versions of the Alpena BriteWhip LED Whip on its website, https://alpena.ca ("the Alpena Website").

5. Defendant has directly and/or indirectly infringed and continues to infringe, and has induced and continues to induce infringement of, one or more claims of Plaintiff's '719 patent at least by selling and offering to sell the Alpena BriteWhip LED Whip, as can be found for sale by Defendant at the following website address: https://alpena.ca/products/britewhip-led-automotive-whip-or-pole-light-multicolour.

6. Defendant has profited from the sales of the Alpena BriteWhip LED Whip.

7. Plaintiff seeks injunctive relief and monetary damages.

## THE PARTIES

8. Plaintiff incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

9. Plaintiff **JOHN JACKSON** is an individual domiciled in Pennsylvania, namely at 1208 Stevens St., North Versailles, Pennsylvania 15137.

10. Upon information and belief, Defendant **MARKLYN GROUP INC.** is a corporation organized and existing under the laws of Ontario, Canada with its principal place of business at 190 Bovaird Dr W Unit 28, Brampton On, Canada L7A 1A2, and having a Registered Agent, Capitol Corporate Services, Inc., located at 455 Capitol Mall Complex Ste 217, Sacramento, California 95814.

11. Upon information and belief, the Alpena brand is wholly owned by **MARKLYN**.

12. Upon information and belief, **MARKLYN** is in the business of researching, designing, developing, manufacturing, distributing, and selling the Alpena BriteWhip LED Whip on the Internet in the United States, including in this District.

13. Upon information and belief, the Defendant directly and/or indirectly imports, develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the U.S. District for the District of Columbia, and otherwise purposefully directs infringing activities to this District in connection with the Alpena BriteWhip LED Whip.

14. Upon information and belief and as further explained below, Defendant has been and are acting in concert, is are otherwise liable jointly, severally, and/or otherwise for a right to relief related to or arising out of the same transaction, occurrence or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale or selling the Alpena BriteWhip LED Whip in this District.

## JURISDICTION AND VENUE

15. Plaintiff incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

16. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

17. This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

18. Defendant is subject to this Court's personal jurisdiction. Defendant has infringed the '719 patent in this District by, among other things, engaging in infringing conduct within and directed at or from this District. For example, Defendant has purposefully and voluntarily placed the Alpena BriteWhip LED Whip for sale on the Internet, which *ipso facto* routes into the stream of commerce with the expectation that this infringing product will be used in this District. This infringing product has been and continue to be sold and used in this District.

19. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because **MARKLYN** has committed acts of infringement in this District at least by offering the Alpena BriteWhip LED Whip for sale on the Internet, thereby establishing a route of trade through this District via an electronic offering for sale of the Alpena BriteWhip LED Whip.

## PLAINTIFF'S HISTORY AND PATENTED TECHNOLOGY

20. Plaintiff incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

21. Around the year 2015, Plaintiff **JOHN JACKSON** was walking in a large parking lot after a concert, and he had a difficult time locating his vehicle amongst the myriad of parked automobiles.

22. After finally finding his car after 30 minutes of searching, Plaintiff had an epiphany, namely, an invention to help people locate their vehicles, especially at night time when visibility is low.

23. Plaintiff created multiple prototypes, but finally developed a system including a light-up rod-like device that would emit light in response to activation by a portable control device, in order to help a user to locate a parked vehicle.

24. On September 23, 2017, Plaintiff filed for patent protection on his innovation at the United States Patent and Trademark Office.

25. On January 9, 2019, Plaintiff received a grant on the '719 patent, entitled "System for Locating a Parked Vehicle."

26. Plaintiff **JOHN JACKSON** is, and has always been, the owner of the '719 patent. (A true and correct copy of the '719 patent is attached hereto as Exhibit A.)

## ACTS GIVING RISE TO THIS ACTION

27. Plaintiff incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

28. On or about February of 2023, Plaintiff discovered that Defendant was selling the Alpena BriteWhip LED Whip on the Alpena Website.

29. Upon perusal of the Alpena Website, Plaintiff discovered that the Alpena BriteWhip LED Whip includes the elements of at least independent claim 1 of the '719 patent.

30. As a result of Plaintiff's discovery of the infringing product on the Alpena Website, Plaintiff determined it to be prudent to file a lawsuit for patent infringement in this District, via Counsel.

## COUNT I: DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. 10,176,719 BY ALPENA BRITEWHIP LED WHIP

31. Plaintiff incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

32. Defendant has directly infringed and is currently directly infringing the '719 patent by importing, making, using, selling, offering for sale, and/or shipping in the United States, without authority, products and equipment that embody one or more claims of the '719 patent, including but not limited to the Alpena BriteWhip LED Whip.

33. As just one non-limiting example, set forth below (with claim language in italics) is a description of infringement of exemplary claim 1 of the '719 patent in connection with the Alpena BriteWhip LED Whip. This description is based on publicly available information, and Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the Alpena BriteWhip LED Whip that it obtains during discovery.

1(a) *A system for locating a parked vehicle, comprising:* The Alpena BriteWhip LED Whip is a system including a plurality of components, which allows a parked vehicle to be located, as described below.

1(b) *an elongated member removably mountable on the parked vehicle, such that the elongated member supports a plurality of lights and is different and separate from an antenna of the parked vehicle;* As can be seen from the image below, the Alpena BriteWhip LED Whip includes an elongated member that is removably mountable on a parked vehicle, and the elongated member also includes a plurality of lights. Also, the Alpena BriteWhip LED Whip is different and separate from an antenna of a parked vehicle.



1(c) *a portable control device adapted to be carried away from the parked vehicle and activated to wirelessly communicate with and control the plurality of lights supported by the elongated member, such that the portable control device locates the elongated member in response to the elongated member being removed from the parked vehicle;* The

Alpena BriteWhip LED Whip includes a remote control that wirelessly communicates and controls the LED lights of the Alpena BriteWhip LED Whip, and even allows the activation of the LED lights if the Alpena BriteWhip LED Whip is removed from a parked vehicle, so long as the electrical connection for the Alpena BriteWhip LED Whip remains intact.

34. At least as early as the filing and service of this Complaint, Defendant is also indirectly infringing the '719 patent.

35. Defendant has actual knowledge of Plaintiff's rights in the '719 patent and details of Defendant's infringement of the '719 patent based on at least the filing and service of this Complaint.

36. Defendant's manufacture, use, shipping, offer for sale, and/or sale of the Alpena BriteWhip LED Whip with knowledge of or willful blindness to the fact that its actions will induce Defendant's retail partners and end users to infringe the '719 patent by at least using and/or selling the Alpena BriteWhip LED Whip in violation of 35 U.S.C. § 271.

37. Defendant's infringement has caused, and is continuing to cause, damage and irreparable injury to Plaintiff, and Plaintiff will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

38. Plaintiff **JACKSON** is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff **JACKSON** respectfully requests:

A. That Judgment be entered that Defendant **MARKLYN** has infringed the '719 patent, directly, indirectly, literally, contributorily, and/or under the doctrine of equivalents;

B. That, in accordance with 35 U.S.C. § 283, Defendant and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be preliminarily and permanently enjoined from (1) infringing the '719 patent and (2) making, using, selling, and offering for sale the Alpena BriteWhip LED Whip or any variation of a product resembling the '719 patent;

C. An award of damages sufficient to compensate Plaintiff **JACKSON** for Defendant's infringement under 35 U.S.C. ¶ 284, including, but not limited to, any profits generated by the sale of the Alpena BriteWhip LED Whip.

D. That the case be found exceptional under 35 U.S.C. § 285, that Defendant's infringement was willful, and that Plaintiff **JACKSON** be awarded its attorneys' fees;

E. That Plaintiff **JACKSON** be awarded its court costs, fees, and expenses that have been incurred by Plaintiff to bring about this action in this District;

F. An award of prejudgment and post-judgment interest; and

G. Such other and further relief as this honorable Court may deem just and proper.

DATED: February 24, 2023

Respectfully submitted,

/s/Lev Ivan Gabriel Iwashko
Lev Ivan Gabriel Iwashko
*Counsel for Plaintiff*
DC Bar No. 1022054
The Iwashko Law Firm, PLLC
1250 Connecticut Ave., NW
Suite 700
Washington, DC 20036
Tel: 202-441-5043
Lev@iwashkoLaw.com
AttorneyLev@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, I served a copy of the foregoing Complaint for Patent Infringement via process service to the Registered Agent for Defendant at the following address:

>Capitol Corporate Services, Inc.
>455 Capitol Mall Complex Ste 217
>Sacramento, CA 95814

>/s/Lev Ivan Gabriel Iwashko
>Lev Ivan Gabriel Iwashko
>*Counsel for Plaintiff*